The opinion of the Court was delivered by
Bermudez,. C. J.
The difficulty presented in the determination of this cause consists in ascertaining in whose favor was rendered the judgment upon which husband and wife predicate their demand for a divorce.
The plaintiff sued his wife for a separation from bed and board. She answered by a general denial, setting up a reconventional demand containing- grave charges against her husband, and concluding with a prayer for a divorce, and for the custody of their minor son,
The decree of the judgment rendered reads as follows :
“It is ordered, adjudged and decreed, that there be judgment decreeing a separation from bed and board between tho plaintiff, Wm, Rau and Josephine Eskholm, his wife, defendant and plaintiff in reconvention, and that the cost of this proceeding- be charged to the community existing between them.
It is further ordered, that the minor child, William Edward Rau, issue of the said marriage, be given into the care and custody of defendant, Mrs. Josephine Eskholm, wife aforesaid.
The judgment was rendered December 20th, 1878, and signed January 6th, 1879.
On tho 6th of January, 1880, William Rau, claiming that the j udgment had been rendered in Ms favor, alleging the expiration of one year without reconciliation, prayed for a divorce.
On the next day after the expiration of the year, upon similar averments, Mrs. Rau prayed in like manner.
After a joining of issue, each litigant claiming the judgment to have been rendered in Ms or her behalf, the District Judge arrived at the *547 conclusion that the judgment had been rendered in favor of society, but for neither of the litigants, and he dismissed both petitions for a divorce, at the respective costs of the petitioners.
From this judgment Wm. Rau has appealed. Josephine Eskholm, the wife, prays for an amendment of the judgment by the allowance of a divorce against her husband, and of the custody of their child.
It is clear, that as the judgment secures a separation, it was rendered in favor of one of the litigants, therefore against the other. Were it not so, it would then be a judgment in favor of both, which is a legal impossibility. It is responsive in appearance as well to the prayer of the original petition as to that of a reconventional demand, inasmuch as a separation a mensa et thoro only can be granted where a dissolution a vinculo is asked.
It is material to note that Wm. Rau interposes no impediment to the custody of his son being awarded to the mother.
It is not easy to discover what occult motive impels each litigant to insist that the judgment of separation was rendered in his, or her behalf, but it may be discernible. Whatever it be, their differences have to be adjusted, as one of them is entitled to a divorce, a year having since elapsed and no reconciliation has taken place.
We can neither affirm the judgment, nor reverse it, to remand the case. We must decide the controversy as, in our opdnion, it should have been settled.
Neither can we. revise the judgment of separation, as it has not been appealed from, and both parties have acquiesced in it. We must construe it.
From the fact that it awarded the custody of the child to the mother, and condemned the community, represented by its head and master, the husband, to pay cost, as also, from the circumstance, not before mentioned, that on a previous trial of the reconventional demand, a judgment subsequently set aside on a technicality was rendered, by the same Judge, in favor of the wife, dissolving the bonds of matrimony, we consider that the balance' of probability strongly preponderates in her favor, and we conclude that the judgment of separation was rendered in her behalf, on her reconventional demand. This view will relieve her from the costs of the litigation, fis she has prayed for an amendment of the judgment appealed from.
With this solitary exception, the judgment to be rendered will no doubt prove satisfactory to both parties, a result which the judiciary hardly ever accomplishes.
It is, therefore, ordered and deereed, that the judgment of the lower court be reversed, and proceeding to render such judgment as should have been rendered:
*548 It is ordered, adjudged and decreed, that there be judgment in favor of Josephine Esldiolm, dissolving the bonds of matrimony between her rind William Ran, contracted in New Orleans on the 28th of March, 1870) that the care and custody of their minor son, William Edward Ran, bo entrusted to her, with a reserve of all the rights for support and assistance which the law awards, and of all rights she may have in and to the community, and otherwise, against her husband, who shall pay costs in both courts.
Levy, J., absent.